IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VACUUM INTERRUPTERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| VR INTERRUPTERS LLC f/k/a | § | |
| VACUUM REPLACEMENT | § | |
| INTERRUPTERS LLC, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Vacuum Interrupters, Inc. ("Plaintiff") files this original complaint against VR Interrupters LLC f/k/a Vacuum Replacement Interrupters LLC ("Defendant") for false advertising, trademark infringement, trademark dilution, and unfair competition.

## I.     PARTIES

1.      Plaintiff is a Texas corporation with its principal place of business at 13765 Beta Road, Farmers Branch, Texas 75244.

2.      Defendant is a Texas limited liability company with its principal place of business at 4790 US Highway 377, Krugerville, Texas 76227. It may be served through its registered agent, Cody Whisenhunt, located at the same address, and it may be served at 4790 Highway 377 South, Krugerville, Texas 76227.

## II.     JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1338(a). The Court has personal jurisdiction over Defendant because it conducts continuing and systematic business in this state.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district.  Specifically, Defendant has directed its goods to consumers in Dallas County, Texas, and consumer confusion has occurred within Dallas County, Texas, as set forth below.

## III.    FACTS

5.    Since 1999, Plaintiff supplies replacement vacuum interrupters for electrical circuit breaker systems. A circuit breaker is an electrical switch designed to interrupt the flow of electricity when an overload or short circuit is detected. It constitutes an essential safety measure that protects an electrical system against failure, sparking, exploding, and other risks.

6.    A vacuum interrupter is a component of certain circuit breaker systems. Once electrical systems reach a certain threshold (generally, commercial or industrial systems), vacuum is the industry standard used to safely interrupt the electricity that flows when a circuit breaker "trips" or when the switch is "flipped." When used, the electric arc that results from a "trip" is defused in the vacuum container, known as a "bottle." The vacuum prevents the electrons from moving or connecting with one another and thereby sparking.

7.    In these medium-voltage systems, the vacuum or bottle is crucial to the operation of circuit breakers. In turn, the circuit breaker is vital to preventing an electrical fire or other damage to the building's electrical system and, by extension, the building itself and the people therein.

8.    As time passes, vacuum seals deteriorate, and the vacuum is lost. Historically, contractors and electricians anticipated that at the end of the 20-year life cycle the bottle would have to be replaced. At that time, the only test that existed was a test to discern whether the bottle worked or it did not (i.e., a "go" or "no go"). Recognizing a need in the industry for a more comprehensive test than a "go" or "no go," in or around 1999, Plaintiff began offering

systems for testing of the bottles. For years, this required transporting the fragile glass or ceramic bottles offsite to a laboratory.

9.      Some time ago, Plaintiff started exploring ways to offer on-site testing of the bottles, to reduce the risk of damage to the bottle and the expense associated with transportation and laboratory testing.

10.      Plaintiff worked for many years on many different testing systems, hardware, and methods, including the MAC TS Set, which went through several versions, before Plaintiff developed its current system, the MAC TS4 Set. The MAC TS4, uses a flexible magnetic coil to measure the bottle vacuum level. Importantly, the MAC TS4 indicates whether the bottle needs to be replaced *and* its projected lifespan, using a data set Plaintiff developed through the testing process.

11.      Through the research and development process, and over a decade of trial and error, Plaintiff identified various applications that failed to accurately demonstrate whether a vacuum bottle needed to be replaced and, if not, how long was left in its life.

12.      For example, a prior version of the MAC TS Set utilized a block magnet that was applied to one side of the bottle—as compared to the flexible coil that wraps around the bottle. Plaintiff abandoned (and never sold) this version when it realized the test results were unreliable due to a lack of adequate magnetic field coverage and the inability to produce a reliable data set to predict lifespan.

13.      Defendant is a competitor of Plaintiff that has long tried to trade off Plaintiff's reputation and goodwill by utilizing trade names intended to confuse its company with Plaintiff's and by selling knock-offs of Plaintiff's products. Defendant also sells vacuum bottle replacements throughout the county, including within Texas. Initially, Plaintiff used the name

"Replacement Vacuum Interrupters" or "RVI," but later incorporated as Vacuum Interrupters Inc.

14.     In or around August 2016, Plaintiff discovered that Defendant formed "Replacement Vacuum Interrupters LLC," an apparent attempt to deliberately trade off Plaintiff's former trade name used in commerce. Although Defendant changed to "Vacuum Replacement Interrupters LLC," and later (purportedly) to "VR Interrupters LLC" numerous specific instances of confusion in the market continue.  Upon information and belief, Defendant changed its name from "Replacement Vacuum Interrupters LLC" to "Vacuum Replacement Interrupters LLC" because Plaintiff had already registered a website domain, www.replacementvacuuminterrupters.com, in or around 2009. Plaintiff still uses the trade name "Replacement Vacuum Interrupters" or "RVI" as part of its product designations.

15.     On or about November 2016, Plaintiff came across Defendant's website, http://vacuumreplacementinterrupters.org/, in which Defendant purports to be "launching soon." On its website, Defendant shows bottle replacements and VRI Test Sets as "just arrived."



16.     From the image of Defendant's VRI Test Set product, a block magnet, as opposed to a flexible coil, can be seen as part of the product offering.  Crucially, as Plaintiff can demonstrate, any test set utilizing a block magnet for the necessary field generation, is not a reliable, accurate testing system, as a block magnet produces a magnetic field different from that of Plaintiff's flexible coil, and such block magnet produced field is not conducive to accurate and reliable testing of vacuum interrupters.

17.     Additionally, the box in which the VRI Test Set is housed appears identical to a testing box Plaintiff used in developing its MAC TS Sets, MAC TS1 through MAC TS3, which were apparently sourced from a manufacturer in China. Plaintiff, however, had to make substantial changes to the system in its prior MAC TS Sets to account for proper voltage, magnetic field, and data sets.

18.     Upon information and belief (including based on Defendant's website and

product advertisements discussed below), Defendant is using the same box, without the necessary alterations Plaintiff identified.

19.    Plaintiff ordered a testing box that appears substantially the same as the VRI Test Set through an international third-party retailer. Upon information and belief, Defendant's VRI Test Set is sourced from the same manufacturer. Plaintiff performed several tests on the testing box to confirm that it, in fact, uses the outdated, unreliable, and unsafe technology.

20.    Upon information and belief, and as further detailed herein, Defendant markets or intends to market the VRI Test Set as an accurate, reliable measure of pressure—and thereby usable life—in vacuum bottles.

21.    For example, at a recent industry trade show attended by the primary customers to whom both Plaintiff and Defendant market or sell their products[1], Defendant gave a technical presentation on its VRI Test Set, operating under the name "Vacuum Replacement Interrupters." The following is an advertisement from a brochure distributed at the trade show to some of the primary consumers of Plaintiff's and Defendant's products:

---

[1] Plaintiff primarily sells its products to contractors in the electrical industry.



22.     Notably, Defendant continues to use the "Vacuum Replacement Interrupters" name. After the presentation, several trade show attendees approached Plaintiff, asking about Defendant's presentation and questioning Plaintiff about the viability of the VRI Test Sets to accurately perform as represented. Plaintiff was thus forced to attempt to clear up these specific instances of confusion in the market between itself and Plaintiff.

23.     Outside the trade show, Plaintiff has received multiple communications from potential consumers intended for Defendant, clearly demonstrating continuing actual confusion in the marketplace caused by Defendant's unauthorized use of trade names substantially similar to Plaintiff.

24.     Equally significant, both the trade show advertisement and statements made by Defendant's owner confirm, in part, Vacuum Interrupters information and belief that the VRI Test Set being marketed by Defendant was sourced from the same third party and is the same product Vacuum Interrupters has tested and confirmed does not operate as an effective system

to test the functionality of vacuum bottles.[2]  It may in fact be dangerous due to voltages and insulations being employed in this set.

25.     In other words, upon information and belief, the VRI Test Set is not an effective testing system and poses a substantial safety risk to those who rely on it, and it is being marketed directly to those parties to whom Vacuum Interrupters markets its fully functional MAC TS4 test sets. Specifically, the VRI Test Set may indicate a bottle has maintained its seal and does not need to be replaced when, in fact, the seal may have deteriorated or become broken.

26.     As stated above, the vacuum in the bottle is a crucial component of medium-voltage electrical systems. Should it fail, an electric surge or short circuit may give way to system failure or an electrical fire. Thus, upon information and belief, use of the VRI Test Set puts buildings (and the people therein) at risk.

27.     Plaintiff has spent considerable time and resources developing, testing, and marketing its MAC TS4 Set in order to obtain both customer acceptance and industry acceptance and recommendation.  Additionally, Plaintiff is likely to be injured as a result of Defendant's false representation. The VRI Test Set closely resembles the MAC TS4 Set, with the substitution of a magnetic block for the flexible coil and, upon information and belief, is being marketed as a reliable vacuum interrupter testing system in direct competition with Plaintiff's product.

28.     Thus, there is a real risk that purchasers may confuse or associate Defendant's faulty VRI Test Sets with Plaintiff's MAC TS Sets, which will irreparably damage and erode

---

[2] "By way of example, the test set depicted in the brochure is visually identical to the test set Vacuum Interrupters purchased and tested, including depicting a block magnet, which is being marketed as utilizing Paschen's law, and does not accurately and effectively test the functionality of the vacuum bottles.

the relevant market for these testing products.  As discussed above, Plaintiff has experienced

several specific instances of such confusion to date.

29.     In other words, Defendants apparent deliberate attempts to cause confusion in

the market between itself and Plaintiff and to trade off Plaintiff's reputation and goodwill has

already partially succeeded, forcing Plaintiff to seek redress from this Court.

## IV.    CAUSES OF ACTION

### A.    COUNT ONE – FALSE ADVERTISING UNDER SECTION 43 OF THE LANHAM ACT)

30.     Plaintiff re-alleges and incorporates by reference those facts set forth above.

31.     Defendant has made a false or misleading statement of fact in commercial

advertising about a product, including that the VRI Test Sets provide adequate testing and

results.

32.     This statement misrepresents the nature, characteristics, and qualities

concerning the VRI Test Sets. The deception is material in that it is likely to influence the

consumer's purchasing decision and damage the market for vacuum interrupter test sets.

33.     The VRI Test Sets are being offered into, and upon information and belief, being

sold in interstate commerce.

34.     Plaintiff has been or is likely to be injured as a result of the statement at issue.

### B.    COUNT TWO – TRADEMARK INFRINGEMENT UNDER THE TEXAS BUSINESS AND COMMERCE CODE

35.     Plaintiff re-alleges and incorporates by reference those facts set forth above.

36.     Plaintiff's name "Vacuum Interrupters Inc." is a valid and protectable trademark

(the "Mark") owned by and in use by Plaintiff. The Mark has continuously been used by

Plaintiff since approximately 2010.   In 2009, Plaintiff registered a website domain

(www.replacementvacuuminterrupters.com) in substantially the same form as "Replacement Vacuum Interrupters."

37.     Plaintiff has not provided explicit or implicit permission to Defendant to use the Mark.

38.     Defendant's former and continued use of "Replacement Vacuum Interrupters," "Vacuum Replacement Interrupters," and "VR Interrupters" is likely to cause confusion, mistake, and/or to deceive the public as to the origin, source, or approval of the goods and services being offered by Defendant and therefore constitute infringement of the Mark, including as evidenced by specific instances of such confusion that have already occurred.

39.     Defendant's actions as set forth above constitute common-law trademark infringement and unfair competition under the laws of the state of Texas.

40.     Plaintiff has been damaged as a result of Defendant's infringement and is entitled to recover those damages.

**C.     COUNT THREE – TRADEMARK INFRINGEMENT UNDER SECTION 43 OF THE LANHAM ACT**

41.     Plaintiff re-alleges and incorporates by reference those facts set forth herein.

42.     The Mark is owned by and in use by Plaintiff. The Mark has continuously been used by Plaintiff since approximately 2010.

43.     Plaintiff has not provided explicit or implicit permission to Defendant to use the Mark.

44.     Defendant's use of "Replacement Vacuum Interrupters," "Vacuum Replacement Interrupters," and "VR Interrupters" is likely to cause confusion, mistake, and/or to deceive the public as to the origin, source, or approval of the goods and services being offered by Defendant and therefore constitute infringement of the Mark, including as evidenced by specific instances of such confusion that have already occurred.

10

45.     Defendant's actions as set forth above constitute trademark infringement under the Lanham Act, Section 43.

46.     Plaintiff has been damaged as a result of Defendant's infringement and is entitled to recover those damages.

**D.      COUNT FOUR – UNFAIR COMPETITION DUE TO DEFENDANT'S USE OF PLAINTIFF'S NAME AND LIKENESS**

47.     Plaintiff re-alleges and incorporates by reference those facts set forth above.

48.     The Mark is a valid and protectable trademark that is owned and in use by the Plaintiff.

49.     Plaintiff has not provided explicit or implicit permission to Defendant to use the Mark.

50.     Defendant is unfairly competing with Plaintiff by illegally using the Mark.

51.     Plaintiff has suffered damages as Defendant's use of the Mark, including, but not limited to, loss of sales due to consumer confusion, dilution of the value of the Mark, and loss of goodwill and reputation.

**E.      COUNT FIVE – TRADEMARK DILUTION (TEX. BUS. & COM. CODE § 16.29 _et seq._)**

52.     Plaintiff re-alleges and incorporates by reference those facts set forth above.

53.     This is a claim for trademark dilution by blurring.  The Mark is a valid and protectable trademark that is owned by and in use by Plaintiff. The Mark has continuously been used by Plaintiff since approximately 2010, and is famous and distinctive in this state and was famous and distinctive prior to 2016.

54.     Defendant's conduct is likely to dilute the distinctive quality of the Mark, in violation of the Texas Business and Commerce Code § 16.29 _et seq._

55.     By its conduct, Defendant has caused Plaintiff irreparable harm and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the Mark.

## VI.     REQUEST FOR RELIEF

Plaintiff respectfully requests:

a.     An award of damages in favor of Plaintiff in an amount to be determined at trial;

b.     An award of equitable relief, including a constructive trust, disgorgement, and fee forfeiture;

c.     An award of attorneys' fees and costs to Plaintiff as supported by the evidence and the causes of action pled herein;

d.     An award of permanent injunctive relief; and

e.     All other relief to which Plaintiff may be justly entitled.

Respectfully submitted,


By: */s/Robert T. Slovak*
**Robert T. Slovak**
State Bar No. 24013523
rslovak@gardere.com
**Calli A. Turner**
State Bar No. 24088558
cturner@gardere.com
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone:  (214) 999-4315
Facsimile:  (214) 999-3315

**ATTORNEYS FOR PLAINTIFF,**
**VACUUM INTERRUPTERS, INC.**